

FILED

AUG 2 2 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**CYNTHIA JOY MCCLARIGAN,**

     **Plaintiff,**

     **v.**                              **CIVIL ACTION NO. 4:21-cv-148**

**RIVERSIDE HOSPITAL, INC.,
a/k/a RIVERSIDE REGIONAL
MEDICAL CENTER,**

     **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court are Defendant Riverside Hospital, Inc., a/k/a Riverside Regional Medical Center's ("Defendant" or "Riverside") Motion to Dismiss and Motion to Strike. Def.'s Mot. Dismiss, ECF No. 4; Def.'s Mot. Strike, ECF No. 11. Defendant moves to dismiss Plaintiff Cynthia Joy McClarigan's ("Plaintiff" or "McClarigan") Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. Dismiss. Defendant also moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike eight exhibits that Plaintiff attached to her memorandum in opposition to Defendant's Motion to Dismiss. Def.'s Mot. Strike.

The Court has considered the memoranda of the parties and this matter is now ripe for determination. *See* Def.'s Mem. Supp. Mot. Dismiss, ECF No. 5 ("Def.'s Mem. Supp. Dismiss"); Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss, ECF No. 10 ("Pl.'s Mem. Opp'n Dismiss"); Def.'s Reply to Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss, ECF No. 13 ("Def.'s Reply Dismiss"); Def.'s Mem. Supp. Mot. Strike, ECF No. 12 ("Def.'s Mem. Supp. Strike"); Pl.'s Mem. Opp'n to Def.'s Mot. Strike, ECF No. 14 ("Pl.'s Mem. Opp'n Strike"); Def.'s Reply to Pl.'s Mem. Opp'n to Def.'s Mot. Strike, ECF No. 15 ("Def.'s Reply Strike"). Upon review, the Court finds that

1

hearings on these Motions are unnecessary. *See* E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, Defendant's Motion to Strike is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

On November 29, 2021, Plaintiff filed a single-count Complaint against Defendant for allegedly violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Compl., ECF No. 1. Relevant to Defendant's Motion to Dismiss and stated in the light most favorable to Plaintiff, the following facts are drawn from the Complaint and attachments thereto. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Plaintiff is a citizen of Virginia. Compl. at ¶ 1. Defendant is a Virginia corporation with its principal place of business in Newport News, Virginia. *Id.* at ¶ 2. Plaintiff previously filed her administrative charge concurrently with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Office of the Attorney General, Division of Human Rights. *Id.* at ¶ 4. The EEOC issued Plaintiff a right-to-sue letter dated August 30, 2021. *Id.* at ¶ 5. Plaintiff then filed the instant Complaint within 90 days of receiving her right-to-sue letter. *Id.* at ¶ 6.

Plaintiff worked for Defendant as a circulating nurse from an unspecified date until she was fired on September 30, 2020. *Id.* at ¶¶ 8, 10. Toward the end of January 2020, Plaintiff began experiencing symptoms of shortness of breath, difficulty breathing, excessive fatigue, insomnia, sleep issues (including extreme difficulty waking up), and night sweats. *Id.* at ¶ 11. Plaintiff began seeking treatment for her sleep-related symptoms and conditions in June 2020, but did not seek treatment for her shortness of breath symptoms at that time. *Id.* at ¶¶ 13-14. On July 9, 2020, Plaintiff attended an appointment with a neurologist, who thereafter provided a note for Defendant, stating Plaintiff was under his care for the sleep-related symptoms/conditions

2

and required testing in order for him to make a diagnosis. *Id.* at ¶ 15.

On July 10, 2020, Plaintiff spoke with her manager regarding the undiagnosed symptoms she was experiencing. *Id.* at ¶ 16. Her manager informed her that she could not accept the note from the neurologist. *Id.* Plaintiff also informed her manager of the ongoing treatment she was receiving and the effect that her symptoms had on her ability to attend work on time on the mornings that she suffered these symptoms. *Id.* at ¶ 19. Plaintiff alleges that her shortness of breath and sleep-related symptoms caused her to be late to work on multiple occasions due to the excessive fatigue causing her to oversleep and the shortness of breath she experienced. *Id.* at ¶ 20. Plaintiff requested a reasonable accommodation from Defendant that she start her shifts later in the day to account for her shortness of breath and trouble waking up in the morning, but Defendant refused to accommodate her. *Id.* at ¶¶ 21-23. On September 30, 2020, Defendant fired Plaintiff from her position, citing her repeated tardiness to work as the reason for her termination. *Id.* at ¶¶ 24-25. Plaintiff alleges that, prior to her struggle with shortness of breath and sleep-related symptoms, she received positive reviews on her job performance from her supervisors. *Id.* at ¶ 27. After she was fired, in or around March 2021, Plaintiff was diagnosed with catamenial pneumothorax. *Id.* at ¶ 18.

Accordingly, Plaintiff asserts one claim of disability discrimination, in violation of the ADA, against Defendant for refusing to provide her with a reasonable accommodation and for terminating her because of her disability. *Id.* at ¶¶ 28-41. Defendant filed the instant Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as time-barred and otherwise failing to state a claim. Def.'s Mot. Dismiss. Defendant later filed the instant Motion to Strike from the Court's consideration of its Motion to Dismiss eight exhibits that Plaintiff attached to her memorandum in opposition. Def.'s Mot. Strike.

3

## II.   LEGAL STANDARD

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). A court may do so on its own on a motion from a party who does so within the proper time and procedural constraints. *Id.* at 12(f)(1)-(2). Federal Rule of Civil Procedure 7(a) defines a "pleading" as: a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and a reply to an answer. Fed. R. Civ. Proc. 7(a)(1)-(7). Rule 7(a) does not include motions, briefs, and accompanying affidavits. *See Int'l Longshoremen's Ass'n, S.S. Clerks Loc. 1624, AFL-CIO v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) ("Plaintiffs have attempted to use such a motion to strike Employer Defendants' reply brief and accompanying affidavits. Briefs and affidavits, however, are not pleadings."). A motion to strike is therefore "not a proper way to challenge . . . [a] responsive filing." *Id.* (collecting cases); *cf. Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 516 n.8 (E.D. Va. 2011) (finding it improper to "make a motion to strike a motion" under Rule 12(f) because a motion is not a pleading).

To the extent they can be considered, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990)). Indeed, "[e]ven where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va.

4

1993) (internal quotations omitted). If the moving party establishes that a defense is insufficient, granting a motion to strike is useful "in order to avoid unnecessary time and money in litigating invalid, spurious issues." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). When ruling on a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Clark*, 152 F.R.D. at 71.

## B. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (cleaned up). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-

50 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id.*

## III.   DISCUSSION

### A. Motion to Strike

The Court first considers Defendant's Motion to Strike because it bears directly on what the Court may consider in adjudicating Defendant's Motion to Dismiss. *See* Def.'s Mot. Strike. Defendant argues that the Court should not consider the first eight exhibits that Plaintiff attaches to her memorandum in opposition to Defendant's Motion to Dismiss because the information the Court may consider in ruling on such a motion is limited. Def.'s Mem. Supp. Strike at 1.

In the first instance, however, the Court finds these exhibits do not qualify as "pleadings" under Federal Rule of Civil Procedure 7(a) because they are not a complaint, an answer to a complaint or claim, or a reply to an answer. Fed. R. Civ. Proc. 7(a)(1)-(7); *Int'l Longshoremen's Ass'n.*, 904 F. Supp. at 504. Rather, they are exhibits attached to a response to Defendant's Motion to Dismiss, which itself is not a responsive pleading. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) ("In this case, [defendant] had not yet filed a responsive pleading, as a motion to dismiss is not considered responsive."). Even if they were pleadings, Defendant fails to argue whether it would suffer any prejudice from the Court's consideration of them such that this drastic remedy is warranted. *Waste Mgmt.*, 252 F.3d at 347; *Clark,* 152 F.R.D. at 70.

6

To the extent Defendant otherwise argues that these documents are outside the proper scope of material that the Court may review in ruling on a motion to dismiss, the Court first finds the records from Plaintiff's EEOC administrative proceeding to be integral to the Complaint and that its review of such is necessary to determine if and how to adjudicate Plaintiff's claims. *See* Pl.'s Mem. Opp'n Dismiss at Exs. 3-8; *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) ("[A] court may consider [a document not attached to a complaint] in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the [opposing party] do[es] not challenge its authenticity."); *see also Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 787 (D. Md. 2013) ("Specifically, the court may take judicial notice of the existence and contents of EEOC proceedings if necessary to decide issues like exhaustion of administrative remedies, but it may not take judicial notice of the *truth* of matters outside the challenged pleading." (internal citations omitted) (emphasis in original)).

In her Complaint, Plaintiff alleges that she "previously filed her administrative charge" with the EEOC and that "[t]he EEOC issued [her] a right-to-sue letter dated August 30, 2021." Compl. at ¶¶ 4-5. The records from this administrative process with the EEOC are therefore integral to Plaintiff's Complaint "because [they] establish[] the time frame within which events must have taken place in order for her to assert those incidents in the present civil action." *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 618 n.3 (E.D. Va. 2011). Plaintiff also "relied on the filing of that EEOC Charge in order to receive her 'Notice of Right to Sue,' which is a prerequisite to bringing suit in this District Court." *Id.* Moreover, Defendant does not dispute the authenticity of these documents, but rather takes issue with Plaintiff's failure to attach them to her Complaint. Def.'s Mem. Supp. Strike at 3. This challenge is ultimately meritless because, in addition their undisputed authenticity, the Court finds that these documents are integral to the

Complaint, referenced within the Complaint, and necessary to decide whether Plaintiff has exhausted her administrative remedies. *Phillips*, 190 F.3d at 618; *Clarke*, 962 F. Supp. 2d at 787.

As for Plaintiff's declaration and her attorney engagement letter, the Court finds these documents are outside of the scope of materials it may consider in ruling on a motion to dismiss. Although Defendant does not specifically discuss the engagement letter, the Court finds it is not integral to Plaintiff's Complaint nor necessary to decide the issue of exhaustion of administrative remedies. *Phillips*, 190 F.3d at 618; *Clarke*, 962 F. Supp. 2d at 787. Plaintiff's declaration faces the same fatal flaws, as well as Defendant's dispute to its authenticity for its self-serving nature and contradictory allegations. Def.'s Mem. Supp. Strike at 3; Def.'s Reply Strike at 2-3. Indeed, Plaintiff's declaration alleges certain facts regarding her experience with the EEOC proceedings and conversations with EEOC personnel that she wholly fails to independently corroborate. *See* Pl.'s Mem. Opp'n Dismiss at Ex. 1. Consequently, the Court finds Plaintiff's declaration sets forth allegations that are "subject to reasonable dispute" because they cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (recognizing Federal Rule of Evidence 201 outlines the "narrow exception" to the standard of what documents courts may consider in ruling on a motion to dismiss under Rule 12(b)(6)). The Court therefore declines to take judicial notice of Plaintiff's Exhibits 1 and 2.

In sum, the Court finds that the exhibits Plaintiff attached to her memorandum in opposition to Defendant's Motion to Dismiss are not "pleadings" under Federal Rule of Civil Procedure 7(a). Therefore, a motion to strike under Federal Rule of Civil Procedure 12(f), which applies exclusively to pleadings, is not the appropriate vehicle to address whether the Court may consider these exhibits. Even if they were pleadings, Defendant fails to argue that it would be

8

prejudiced by their consideration. Accordingly, Defendant's Motion to Strike is **DENIED**.

However, the Court recognizes the established limitations on what it may consider when ruling on a motion to dismiss. The Court therefore takes judicial notice only of Exhibits 3, 4, 5, 6, 7, and 8 of Plaintiff's memorandum in opposition because they are contents of Plaintiff's EEOC proceedings, integral to the Complaint, previously referenced, necessary to decide whether she has exhausted her administrative remedies, and their authenticity is undisputed.

## B. Timeliness of EEOC Charge and Equitable Tolling

The Court now turns to Defendant's Motion to Dismiss. Defendant first argues that Plaintiff's Complaint is time-barred because she did not timely file a charge of discrimination with the EEOC. Def.'s Mem. Supp. Dismiss at 4. In Virginia, an employee has "300 days from the last date of discrimination to file a charge with the EEOC." *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002). If the statutory time period elapses between the allegedly discriminatory incident and the filing of the EEOC charge, the litigant is permanently barred from relief under the ADA. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (holding in the Title VII context that "[a] claim is time barred if it is not filed within these time limits"); *McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 131 (4th Cir. 1994) ("[T]he Americans with Disabilities Act (ADA) require[s] claimants to file a charge with the [EEOC] within . . . 300 days. When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World* Airlines, Inc., 455 U.S. 385, 393 (1982). Plaintiff concedes that the last date of alleged discrimination she faced was September

9

30, 2020, the day she was terminated, and that she did not file her EEOC Charge until August 10, 2021, which is more than 300 days later. Pl.'s Mem. Opp'n Dismiss at 1. Indeed, Plaintiff had to file a charge with the EEOC by July 27, 2021, in order for it to be timely. *Id.* Plaintiff argues, however, that her otherwise untimely filing is saved by equitable tolling. *Id.* The Court will therefore dismiss Plaintiff's Complaint unless it finds that equitable tolling is warranted. *See Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018) ("A court may dismiss a complaint on statute of limitations grounds if the time bar is apparent on the face of the complaint." (internal quotations omitted)).

"The discretionary equitable tolling doctrine applies when (1) a defendant wrongfully prevents a plaintiff from asserting her claims, or (2) extraordinary circumstances beyond the plaintiff's control prevent her from filing on time." *Ott*, 909 F.3d at 660–61 (applying standard to ADA exhaustion of administrative remedies). A plaintiff must also "show that they have pursued their rights diligently." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (finding equitable tolling is warranted "only if" a plaintiff shows *both* diligent pursuit and extraordinary circumstances). The decision "to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

The Court finds Plaintiff is not entitled to relief from the 300-day filing period because she fails to demonstrate that extraordinary circumstances beyond her control prevented her from filing on time and failed to diligently pursue her claim. *Ott*, 989 F.3d at 661; *Raplee*, 842 F.3d at

333.[1] First, Plaintiff argues that proceeding pro se during her EEOC proceedings weighs in favor of equitable tolling. Pl.'s Mem. Opp'n Dismiss at 7. The Court does not find acting pro se was or caused her to face any circumstances beyond her control that would lead to untimely filing her charge. Indeed, it is common to proceed pro se when filing an EEOC charge; not extraordinary. *See Bonds v. Leavitt*, 629 F.3d 369, 379 (4th Cir. 2011) ("[B]ecause administrative charges are not typically completed by lawyers, they must be construed liberally.").

Second, Plaintiff argues that she faced particular difficulty in attempting to communicate with the EEOC to set up a phone interview with an investigator. Pl.'s Mem. Opp'n Dismiss at 7. Plaintiff claims she "diligently contacted the EEOC several times to set up her required phone appointment," but none were available and her first inquiry was subsequently dismissed. *Id.* Plaintiff fails to substantiate these repeated contacts. Rather, the evidence presented shows that Plaintiff filed her first inquiry, "Inquiry 40," on October 11, 2020. Pl.'s Mem. Opp'n Dismiss at Ex. 3. On October 16, 2020, Plaintiff received an email from the EEOC notifying her that she had not yet scheduled an interview to discuss her claim. *Id.* at Ex. 4. That email then provided her with instructions, which appear to direct her to schedule an interview online. *Id.* Plaintiff also provided a screenshot of the first step she took to schedule this appointment online through the EEOC public portal. *Id.* at Ex. 5. The description section states that Plaintiff's local EEOC office is in Norfolk, Virginia, and provides a phone number to call "[t]o schedule appointments." *Id.* The description also asks the caller to "say and spell your first and last name and provide a telephone number where you can be reached between the hours of 8:30 a.m. and 4:00 p.m." *Id.*

---

[1] Plaintiff argues the Court should consider a set of factors that the United States District Court for the District of Maryland adopted from the United States Court of Appeals for the Ninth Circuit. *See Walton v. Guidant Sales Corp.*, 417 F. Supp. 2d 719, 721 (D. Md.), *aff'd*, 203 F. App'x 510 (4th Cir. 2006) (citing *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) ("Although there is no formula for [equitable tolling], prior cases have set forth some factors meriting consideration."). When that court decided *Walton*, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") had not yet decided *Ott*, 989 F.3d 655. The Court therefore follows the standard set out in *Ott*, but finds that the *Rodriguez* factors are consistent with this standard. *See Raplee*, 842 F.3d at 333. Regardless, the Court reaches the same conclusion.

The next piece of evidence Plaintiff provides, however, is an email she sent to the EEOC

on February 12, 2021, with the subject line: "Question about why my case was closed." *Id.* at Ex.

6. Of course, a plaintiff who repeatedly but with futility attempts to reach an agency in order to

advance to the next step of an administrative proceeding would certainly face an extraordinary

barrier to filing outside her control. *Ott*, 989 F.3d at 661. However, the Court finds that

Plaintiff's failure, without explanation, to somehow substantiate that she did in fact call the local

EEOC office and to provide official documentation that her inquiry was closed cuts against the

"guarded and infrequent" decision to award her this equitable relief. *Harris*, 209 F.3d at 330; *see*

*also Coates v. Maryland*, No. 10-cv-3087, 2011 WL 134079, at *2 (D. Md. Jan. 13, 2011) ("The

amount of time that has elapsed, coupled with the lack of evidence that Petitioner exercised any

diligence in an effort to comply with the filing deadline, indicates that Petitioner is not entitled to

an equitable tolling of the filing deadline.").

Moreover, the timeline for the remainder of Plaintiff's EEOC proceeding reveals that she

did not diligently pursue her claim. On February 12, 2021, Plaintiff filed her second inquiry,

"Inquiry 500," in which she realleged her claims. Pl.'s Mem. Opp'n Dismiss at Ex. 7. On April

27, 2021, Plaintiff received an email from the EEOC reminding her of her upcoming telephone

interview to discuss her inquiry on May 25, 2021. *Id.* at Ex. 8. The next exhibit Plaintiff provides

is an email from the EEOC Norfolk Local Office, dated August 9, 2021, which states:

> At your request, the United States Equal Employment Opportunity
> Commission has drafted a Charge of Discrimination against
> RIVERSIDE REGIONAL MEDICAL CENTER for your recent
> inquiry . . . This document is only a draft of your charge, and
> EEOC will not notify RIVERSIDE REGIONAL MEDICAL
> CENTER of your charge until you sign and submit it. Please go to
> the EEOC Public Portal to review the details and particulars of
> your proposed charge before you sign it . . . If you wish to correct
> or revise the charge information, you may submit your
> recommended corrections and/or revisions to EEOC through the

> Public Portal. When you are ready to file the charge with EEOC,
> you may digitally sign and submit it through the Portal.
> RIVERSIDE REGIONAL MEDICAL CENTER will be notified of
> the charge after you file it with EEOC, as required by law.

*Id.* at Ex. 9 (alterations in original).

Between May 25, 2021, and August 9, 2021, Plaintiff alleges, without substantiation, that the EEOC investigator "misled" her "(a) by telling her he was assuming the responsibility for drafting her charge for her to review, edit, and electronically sign; (b) by having actual knowledge of the filing deadline; and (c) by telling her on May 25, 2021 'not to worry about' the filing deadline." Pl.'s Mem. Opp'n Dismiss at 8. Even if the Court were to take Plaintiff at her word regarding these conversations, it is well-established that equitable tolling is not warranted when a claimant blames the untimeliness of her filing on the erroneous information she received from an EEOC employee. *See Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997) ("[S]hould a plaintiff . . . be able to circumvent exhaustion requirements by simply asserting s/he was given erroneous telephone advice from an agency employee, equitable tolling would be converted from a remedy available only sparingly and in extraordinary situations into one that can be readily invoked by those who have missed carefully drawn deadlines."); *Yarnall v. Philadelphia Sch. Dist.*, 57 F. Supp. 3d 410, 430 (E.D. Pa. 2014) ("Plaintiffs' attempt to bolster their equitable tolling argument by blaming their inaction on the bad advice they received from the EEOC over the telephone is unavailing.").

The only case that Plaintiff cites in support is also inapplicable to her. In *Stroupe v. Hammary Furniture Co.*, No. 5:99-cv-141, 2000 WL 1448591, at *4 (W.D.N.C. Mar. 15, 2000), the court found it appropriate to equitably toll the limitations period for a plaintiff who "called the EEOC within days of learning of his impending discharge" and the EEOC employee "erroneously advised him that he had until 180 days after December 31, 1998 to do so." The

facts in this case are readily distinguishable because Plaintiff was well-aware of her filing deadline throughout the entire administrative proceeding. *See* Pl.'s Mem. Opp'n Dismiss at Ex. 3 (in her first inquiry dated October 11, 2020, Plaintiff lists the approximate deadline for filing a charge as July 28, 2021). Plaintiff argues that she is entitled to equitable relief because the EEOC investigator in this case allegedly addressed her concern as to the admitted untimeliness of her charge and assured her that it "was fine." *Id.* at 8. Again, even assuming the EEOC investigator did so, the Court is not bound by his false assurances and does not find them extraordinary. *Robinson*, 107 F.3d at 1023; *Yarnall*, 57 F. Supp. 3d at 430.

Finally, Plaintiff's own unsubstantiated claims as to the timeline of events demonstrates that she did not diligently pursue her claim. Indeed, Plaintiff claims that the EEOC investigator provided her with a draft of her charge on May 25, 2021, and that she did not provide comments on the draft until, "at the latest, July 17, 2021." Pl.'s Mem. Opp'n Dismiss at 4, 9. Plaintiff provides no explanation for the nearly two-month delay in providing her comments to the investigator. Rather, she appears to blame him for *his* lack of diligence in not returning a draft to her so she could approve or provide further comments, with only ten days before the deadline to do so. Pl.'s Mem. Opp'n Dismiss at 9 ("But, after telling McClarigan not to worry about her timely filing, he sat on the matter until the July 27, 2021 deadline had passed; not providing McClarigan her edited Charge for electronically [*sic*] filing until August 9, 2021."). Relatedly, Plaintiff also fails to mention whether she "sought an extension of time from the agency, which evidences a lack of diligence." *Francis v. Berryhill*, No. 2:17-cv-519, 2018 WL 4658715, at *3 (E.D. Va. Feb. 2, 2018), *report and recommendation adopted*, No. 2:17-cv-519, 2018 WL 4655730 (E.D. Va. Sept. 27, 2018).

Ultimately, in balancing the equities, the Court finds that Plaintiff did not diligently

pursue her claim and extraordinary circumstances did not prevent her from timely filing. *See Rodriguez*, 265 F.3d at 901 ("As with virtually any equitable doctrine, application of the [equitable tolling] exception requires balancing the equities in the particular case."); *Ott*, 909 F.3d at 660–61; *Raplee*, 842 F.3d at 333. In other words, the Court does not find Plaintiff's case to be one of "those rare instances where—due to circumstances external to [her] own conduct—it would be unconscionable to enforce the limitation period against [her] and gross injustice would result." *Harris*, 209 F.3d at 330. Rather, the Court finds Plaintiff's circumstances to be, "at best[,] a garden variety claim of excusable neglect," which does not justify equitable tolling. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Thus, the Court thus finds that Plaintiff untimely filed a charge with the EEOC and that she is not entitled to relief from equitable tolling, rendering her claim permanently time-barred in federal court. The Court therefore need not reach the issue of whether Plaintiff's Complaint otherwise fails to state a claim. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as time-barred is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED**.

Newport News, Virginia
August 2, 2022

Raymond A. Jackson
United States District Judge